Lindsey Wagner, Esq. (CBN 309808)
Lwagner@scottwagnerlaw.com
Cathleen Scott, Esq. (FBN 135331)
Cscott@scottwagnerlaw.com
Gabriel Roberts, Esq. (FBN 1018435)
Groberts@scottwagnerlaw.com
**Scott Wagner and Associates, P.A.**
Jupiter Gardens
250 South Central Boulevard, Suite 104
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020
**California Office:**
674 County Square Dr., Ste. #305
Ventura, CA 93003
Telephone: (561)653-0008

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA RENATI, <br><br>   Plaintiff, <br><br> v. <br><br> WAL-MART STORES, INC., N/K/A WAL-MART, INC. <br><br>   Defendant. <br><br> _____/ | **Case Number: 20-cv-00273-CRB** <br><br> **PLAINTIFF'S STATUS REPORT** |

Plaintiff CLAUDIA RENATI, by and through her undersigned counsel, herby files her status report following the order of Magistrate Judge Ryu (Doc. 82) as requested by this Court in its ORDER RE MOTION FOR ENLARGEMENT OF PRETRIAL DEADLINES (Doc. 31).

**Introduction**

On December 22, 2020, Plaintiff initially moved to enlarge the expert designation deadline in this case (Doc. 27). In ruling on the motion, this Court stated, "the Court will defer resolving Plaintiffs' motions for enlargement of pretrial deadlines until the parties file their Joint Dispute Letter and Magistrate Judge Ryu resolves their discovery dispute." The Court further allowed for Plaintiff to file this Status Report that supplements the previously filed motions within seven days of Magistrate Judge Ryu's ruling. Therefore, Plaintiff presents this status report as a supplement to the facts and argument set out her Motion for Enlargement of Pretrial Deadlines (Doc. 27).

**Procedural Background**

In January 2021, the parties entered a Stipulated Order Staying the Case through March 5, 2021, which was Ordered by this Court on February 9, 2021. (Doc. 38). The Court vacated the pre-trial deadlines and trial date on April 5, 2021 (Doc.42 and Doc. 46). Following that stay, the parties filed a Joint Case Management Statement (Doc. 60). The Court approved that Case Management Plan, setting new pretrial deadlines, on August 23, 2021 (Doc. 61). The current pretrial deadlines are as follows:

- Completion of ADR:         completed
- Designation of experts:    November 22, 2021
- Discovery cutoff:          December 10, 2021
- Dispositive motion hearing: February 21, 2022
- Pre-trial conference:      May 13, 2022
- Trial:                     June 27, 2022

Due to the still-pending discovery disputes described below, the parties are not able to meet the above deadlines. Throughout the discovery period, the parties have continued to confer on outstanding discovery requests. As part of that conferral, the parties previously filed a Joint Notice to Court of Parties Intent to Request Extension of Deadlines (Doc. 81). In that Joint Notice, both parties agreed that extensions of the pretrial deadlines would be necessary in this case. The Parties were instructed to file a Joint Case Management Statement with the proposed extension of the pretrial deadlines. Plaintiff drafted a proposed Joint Case Management Statement, which was sent to Defendant on November 19, 2021, for comments and review. On November 22, 2021, counsel for both parties conferred and agreed to file a Joint Request for Extension of Pretrial Deadlines (Doc. 89). In that request, the parties jointly requested that the pretrial deadlines be extended until the parties filed their Joint Case Management Statement, which they requested be due no later than December 14, 2021.

**Discovery Disputes**

Plaintiff served her Amended First Request to Produce to Defendant on April 9, 2021. Both parties submitted Joint Discovery Letter Briefs (Docs. 55, 57, and 62). The Court held a hearing on those discovery disputes on August 26, 2021, and entered an order denying Plaintiff's motion to compel without prejudice (Doc. 63). The Court set a deadline of September 10, 2021, for the parties to file revised versions of their dispute letters. As the parties continued to confer, the deadline was extended to September 21, 2021 (Doc. 68), and then to October 7, 2021 (Doc. 74).

Plaintiffs waited to begin fact witness depositions until Defendant had produced all responsive discovery documents. In Defendant's response to the Plaintiffs' October 7th Joint Dispute Letter (Doc. 77), Defendant indicated there are outstanding documents responsive to Plaintiffs' April 2021 Requests to Produce it still intends to produce. This was the first Plaintiff knew about the existence of outstanding responsive documents. Plaintiffs initiated conferral with Defendant for

clarification about what those documents are and when Defendant will be producing those so that Plaintiffs can coordinate for submission to their expert for an analysis. Plaintiffs asked that Defendant produce the documents on or before November 30, 2021. Plaintiffs require those outstanding documents, as well as their documents responsive to the November 18, 2021, discovery, to perform the expert analysis for their disparate impact claims.

Plaintiffs began fact witness depositions on October 7, 2021. Plaintiffs have made requests to Defendant to provide availability for additional fact witnesses that still need to be deposed. Defendant advised those dates are forthcoming but has not yet provided those dates despite multiple requests from Plaintiff. Plaintiffs also served the Notice of 30(b)(6) deposition, but the parties agreed to postpone proceeding on scheduling that deposition until the parties' discovery dispute issues were resolved.

On October 12, 2021, Plaintiffs propounded additional Requests to Produce and Interrogatories, which were due on November 11, 2021. Defendant requested an enlargement to respond until November 30, 2021, which Plaintiffs agreed to while also requesting that responsive documents be provided on that date as well. Defendant responded that they anticipated producing responsive documents by that date but reserved the right to object as appropriate. Plaintiffs have asked for Defendant to provide a date-certain when the documents will be produced so that Plaintiffs can coordinate further depositions accordingly.

On November 17, 2021, the Court held a hearing on the Joint Discovery Letters (Doc. 77). The Court entered an order denying Plaintiff's request to produce "requested .csv data," and granted in part Plaintiff's request for "diversity plans or policies targeting females specific to Plaintiffs' regions and documents reflecting meetings attended by Plaintiffs' store managers that discuss pay

equity, gender discrimination, and/or representation of women in management/female diversity." (Doc. 82).

Following Judge Ryu's decision, Plaintiffs then propounded additional discovery on November 19, 2021, seeking targeted comparator data necessary for the disparate impact analysis (for their expert Dr. Drogin to analyze). The response to those requests would be due thirty (30) days afterwards. Plaintiffs anticipate that Dr. Drogin will need at least four (4) months to analyze the data, as well as to confer with Defendant regarding any clarification on the data, once received in response to Wal-Mart's production.

Plaintiff sent Defendant a Third Joint Letter on November 17, 2021. This letter emphasized that Walmart indicated during a conferral call on November 9, 2021, that there is still additional production forthcoming in response to Plaintiff's April 2021 discovery requests. Plaintiff sought clarification on what documents are outstanding, and when Plaintiff can expect to receive them. On November 19, 2021, Plaintiff sent Defendant a conferral letter on the outstanding documents. The conferral letter asked Defendant to produce all documents responsive to the April 2021 discovery requests by November 30, 2021, and that Defendant amend its responses to state what request the documents are responsive to. The November 19, 2021, letter went through each of the outstanding responses from Defendant's May 6, 2021, response to Plaintiff's production requests and requested that Defendant provide those documents by November 30, 2021.

### Scheduling

Based on the above, Plaintiff proposes the court set the following deadlines:

- Completion of ADR:        completed
- Designation of experts:   June 22, 2022
- Discovery cutoff:         July 29, 2022

- Dispositive motion hearing:   September 12, 2022
- Pre-trial conference:         October 21, 2022
- Trial:                        November 28, 2022

This request is made for good cause. As established above, Defendant has yet to produce all responsive documents to Plaintiff's April 2021 discovery requests. Plaintiff's requests from October 12, 2021, and November 19, 2021, are not yet due, but Plaintiff anticipates similar delays from Defendant in producing responsive documents. Plaintiff proposes the above deadlines based on receiving responsive documents from Defendant in a reasonable time. Plaintiff will then require time for her expert to review the documents prior to the expert designation deadline, as well as to file an amended notice for the 30(b)(6) deposition that incorporates the newly received documents.

Dated this 24th day of November 2021.

Respectfully submitted,

s/ Lindsey Wagner
Lindsey Wagner, Esq.
California Bar No. 309808

**SERVICE LIST**

1  Barbara A. Blackburn, Esq.
   bblackburn@littler.com
2  Doug Ropel, Esq.
   DRopel@littler.com
3  John Adams, Esq.
   JHAdams@littler.com
4  LITTLER MENDELSON, P.C.
   500 Capitol Mall
5  Suite 2000
   Sacramento, California 95814
6  Telephone: 916.830.7200
   Facsimile: 916.561.0828
7
   Charlotte Main, Esq.
8  CMain@littler.com
   LITTLER MENDELSON, P.C.
9  3424 Peachtree Road, N.E.
   Suiter 1200
10 Atlanta, GA 30326

11 Scott A. Forman, Esq.
   sforman@littler.com
12 LITTLER MENDELSON, P.C.
   333 SE 2nd Avenue, Suite 2700
13 Miami, FL 33131
   305.400.7511
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Scott Wagner and Associates, P.A.*
*Plaintiff's Status Report*
Page **7** of **7**